RECEIVED
IN LAKE CHARLES, LA

SEP 29 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20144 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| JONATHAN LEE VERNIER | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

IT IS ORDERED that the defendant's Motion to Expand the Record (Rec. Doc. 113) IS DENIED.

In opposing this motion, the government asserts that the allegations presented in Vernier's §2255 have no merit, therefore the record does not need to be expanded. The government argues that the evidence listed by the defendant would not render the otherwise meritless claims valid.

The Supreme Court has stated that a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Yet, discovery is not precluded entirely and Rule 6 of the Rules Governing Section 2255 Proceedings allows a court to "authorize a party to conduct discovery" if the party is able to show "good cause" for the documents requested. The defendant herein has not shown "good cause" for the disclosure of the materials. *McCoy v. United States*, 1991 WL 41542, 2 ( 6th Cir. 1991).

Furthermore, the Federal Rules of Criminal Procedure governing grand jury proceedings also warrants denial of the motion. Rule 6 governs the disclosure of grand jury materials and establishes a presumption of non disclosure. *McDonnell v. United States*, 4 F.3d 1227, 1246-47 (3d Cir.1993).

Vernier has made no showing that grounds exist to permit discovery under Fed.R.Crim.P. 6(e)(3)(C)(ii). *United States v. Winkelman,* 548 F.Supp.2d 142, 160 (M.D.Pa.,2008).

Lake Charles, Louisiana, this 27 day of September, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE